UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA M. NOWAK,

    Plaintiff,

vs.                                                                          Case No. 16-10506

CAROLYN COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,      HON. AVERN COHN

    Defendant.

_____/

**DECISION**

**I.    INTRODUCTION**

This is a Social Security case. Plaintiff Pamela Nowak (Nowak) appeals a decision of the Commissioner of Social Security (Commissioner) denying her application for Disability Insurance Benefits. Nowak sought benefits for fibromyalgia, osteoarthritis and hypothyroidism, among other physical and mental impairments. An administrative law judge (ALJ) held a hearing at which Nowak testified, found Nowak not disabled, and denied her claim. The Appeals Council (AC) declined review.

Nowak is suing under 42 U.S.C. § 405(g) seeking reversal of the Commissioner's decision. Nowak has filed a motion for summary judgment, (Doc. 9). The Commissioner has filed a cross motion for summary judgment, (Doc. 10). The motions were referred to a magistrate judge (MJ) who reported and recommended (R&R), (Doc. 12), that the Court deny Nowak's motion, grant the Commissioner's cross motion

and affirm the denial of benefits. Nowak has filed objections to the R&R, (Doc. 13), to which the Commissioner has responded, (Doc. 14).

For the reasons that follow, Nowak's objections to the R&R, (Doc. 13), are OVERRULED, the R&R, (Doc. 12), is ADOPTED, Nowak's motion for summary judgment, (Doc. 9), is DENIED, the Commissioner's motion for summary judgment, (Doc. 10), is GRANTED, and the Commissioner's denial of benefits is AFFIRMED.

## II. BACKGROUND

### A. Social Security Proceedings

The parties do not object to the R&R's recitation of the facts. (*See* Docs. 13, 14). The Court adopts it. (*See* Doc. 12).

Nowak claims a disability beginning April 9, 2009. Before then, for nearly 11 years, Nowak was employed full-time as a medical assistant working 12-hour shifts.

The ALJ found Nowak had 4 severe impairments: scoliosis of the dorsal spine, loss of lordotic curve, osteoarthritis of the spine and Vitamin D deficiency. The ALJ also found non-severe impairments including hypothyroidism, depression and anxiety.

The ALJ concluded that Nowak had no medically determinable impairment from fibromyalgia. The notes of Dr. Noor Bunney, Nowak's treating physician of 15 years, did not reference any "tender points" on her body to suggest such a diagnosis.

In assessing residual functional capacity, the ALJ found Nowak's statements of symptoms credible but not her statements as to intensity, persistence and limiting effects of symptoms. The ALJ noted the latter were inconsistent with Nowak's medical records and statements of daily activities. The ALJ considered the opinion of Dr. Bunney that Nowak was significantly limited in her ability to do work and diagnosing

2

her with fibromyalgia.  The ALJ gave the opinion "no weight" as it was (1) unsupported by clinical findings in the treatment notes, which were unremarkable and reflected intact neurological function, strength and sensation; and (2) inconsistent with Nowak's statements of daily activities, which included attending and teaching lessons at church, yard work, reading, writing letters, driving and performing household chores.

The ALJ found Nowak capable of performing light work with restrictions, including her past relevant work as a medical assistant.

### B. Summary Judgment

Nowak seeks reversal on the ground the ALJ erred by giving "no weight" to the opinion of Dr. Bunney and failing to offer "good reasons" for doing so under 20 C.F.R. § 404.1527(c)(2).  She says it is impossible to confirm fibromyalgia using objective medical testing and the notes of Dr. Bunney reveal she was prescribed pain medicines and diagnosed with related conditions such as insomnia, anxiety and fatigue.

Additionally, Nowak says the ALJ improperly deemed incredible her statements regarding the impact of her symptoms.  Specifically, she says her daily activities should not be held against her in evaluating whether her symptoms are debilitating.

### C. Report and Recommendation

In the R&R, the MJ concluded that the ALJ appropriately decided not to credit the opinions of Dr. Bunney and gave sufficient reasons for doing so.  The notes of Dr. Bunney do not reflect the existence of any "tender points" on Nowak's body to suggest fibromyalgia under Social Security Ruling 12-2p and notations of associated symptoms such as fatigue and insomnia are not detailed or discussed in relation to fibromyalgia.  The conclusion that Nowak was significantly limited in her ability to do

work was unsupported objectively by her medical records and appeared only to reflect Nowak's subjective complaints of pain.

The MJ determined that the ALJ's conclusion that Nowak's statements about the impact of her symptoms were incredible was supported by substantial evidence. Specifically, the reported daily activities in Nowak's testimony and medical records were inconsistent with her complaints of extreme and disabling pain.

### III. STANDARD OF REVIEW

#### A. R&R Objections

The Court must review *de novo* parts of an R&R to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

#### B. Commissioner's Disability Determination

The Court's review is limited to determining if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In doing so, the Court does not resolve conflicts in the evidence or questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In evaluating if the Commissioner's decision is supported by substantial evidence, the Court must consider the entire record. *See Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). Nonetheless, the Court need not discuss every piece of evidence. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006).

IV. DISCUSSION

Nowak raises two objections to the R&R. They are unavailing.

A. ALJ's Treatment of Dr. Bunney's Opinions

1.

First, Nowak objects to the MJ's conclusion that the ALJ rightly found the opinions of Dr. Bunney, related to Nowak's ability to do work and diagnosis of fibromyalgia, entitled to "no weight." Nowak says the extensive treatment notes from 2008 to 2014 documenting her compliance with pain medicines and symptoms consistent with fibromyalgia mean the opinion is entitled to "at least some" deference.

In response, the Commissioner reiterates the treatment notes do not identify "tender points" or detail symptoms in relation to fibromyalgia. Nor do they objectively support the significant limitations in Nowak's ability to do work reflected in the opinion.

2.

The ALJ properly decided not to credit the opinions of Dr. Bunney and gave sufficient reasons for doing so. Dr. Bunney opined that Nowak was significantly limited in her ability to do work, but the treatment notes reflect only Nowak's complaints and diagnoses of insomnia, fatigue and anxiety with unremarkable clinical findings. Moreover, Nowak's reported daily physical activities were inconsistent with the disabling pain and functional limitations set forth in Dr. Bunney's opinion. These amount to "good reasons" for deciding not to credit the opinions of Dr. Bunney.

As to fibromyalgia, the ALJ determined this was not a medically determinable impairment as the medical records did not reference "tender points" on Nowak's body to suggest fibromyalgia. Moreover, treatment notes did not detail the characteristics of

symptoms such as fatigue and insomnia or discuss them in relation to fibromyalgia. This was a sufficient basis from which not to credit Dr. Bunney's conclusion that Nowak suffered from debilitating pain due to fibromyalgia.

### B. ALJ's Determination of Nowak's Credibility

#### 1.

Second, Nowak objects to the MJ's conclusion that the ALJ's determination of her credibility was supported by substantial evidence. The daily activities she reported were consistent with fibromyalgia, as they were sporadic and punctuated with rest. For instance, she testified that although she attended church she had to sit down while teaching lessons and was only able to remain there for two and a half hours. By discounting her statements of the limitations caused by her conditions, the ALJ overestimated Nowak's residual functional capacity and ability to do work.

The Commissioner responds that the ALJ permissibly considered Nowak's reported daily activities in evaluating the credibility of her complaints of disabling pain.

#### 2.

Substantial evidence supports the ALJ's decision not to credit Nowak's testimony and statements regarding intensity, persistence and limiting effects of her symptoms. Specifically, the daily physical activities in which Nowak participated—driving, teaching lessons at church, reading, performing household chores and yard work—did not comport with her claims of constant debilitating pain that prevented her functioning.

SO ORDERED.

                                                   s/Avern Cohn  
                                                   AVERN COHN  
                                                 UNITED STATES DISTRICT JUDGE

Dated:  February 7, 2017  
       Detroit, Michigan